## Sanderson *v.* Haverstick.

Trover lies for timber cut by a stranger on the land of plaintiff, though within
the lines of a public road, laid out and approved by the court.

The cutting of the timber, without more, is a conversion.

In error from the Common Pleas of Cumberland county.

*June* 6. Haverstick brought an action of trover for certain trees, and, on the trial, proved that defendant cut them, and piled the wood and rails on the land, but they had never been removed.

The defendant proved that the timber stood within the lines of a public road, laid out by viewers over plaintiff's land, and approved by the court, though the road, as actually opened, did not include the timber.

The court (Hepburn, P. J.) instructed the jury that when a public road passes over land, the public acquires but an easement; the right to the soil, and whatever grows on the land, remains unchanged: Roll. Abr. tit. *Chemin Private*, 392, B, pl. 1, 2; 6 Pet. 492; 15 Johns.; 1 Yeat. 169; 1 Burr, 143; 1 Barr, 337; hence trespass would lie for depositing rails on a highway; that if the defence were specially pleaded, it would be necessary to set forth that the place was a highway, and the defendant had a right to pass, and if damage was done, by cattle, to corn growing, it was by stealth and morsels, and not with the will of defendant: 2 Chit. Pl. 598. In this case, the road was not actually opened over this part of the land, nor were the trees cut because they obstructed the defendant's passage. That the exercise of the right of dominion over them by defendant, was a sufficient conversion; 6 Bac. Abr. 677; 7 Johns. 258; 10 Ib. 172; 5 Cow. 323. That under the 3d sec. act of 1824, knowledge that it was on the land of another was immaterial in this action.

*Watts,* for plaintiff in error, contended the action must be under the act of 1824, in which guilty knowledge was an essential ingredient.

*Gaullagher,* contrà.

Per Curiam.—Let the judgment be affirmed, for the reasons given by the court below.

                                                                Affirmed.